426 P.2d. 227

**M & S CONSTRUCTION & ENGINEERING COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**CLEARFIELD STATE BANK, a Utah corporation, Defendant and Respondent,**

**Vern M. Smith, Russell D. Stoker and James H. Mendenhall, Additional Defendants and Appellant.**

No. 10708.

Supreme Court of Utah.

April 6, 1967.

King & King, Clearfield, H. Arnold Rich, Robert D. Moore, Salt Lake City, for plaintiff and additional appellant, Smith.

Olmstead, Stine & Campbell, Ogden, for respondent.

HENRIOD, Justice:

Appeal from a judgment notwithstanding the verdict, which judgment struck down a loan agreement as being offensive to the statute of frauds relating to contracts not to be performed within a year.[1] Reversed and remanded for a new trial, with no costs.

1. Title 25-5-4(1), Utah Code Annotated 1953.

Plaintiff, M & S, as subcontractor for one Steenberg, agreed to **perform** certain excavation work. The defendant bank furnished initial monies as loans under an agreement which the jury found to be extant. The bank became apprehensive of its loan and in about two months refused any further advances. Steenberg took over and M & S was through.

The loan agreement was to the effect that the bank would make advances "as and when required" by M & S and "until final payment" by Steenberg under its contract with M & S,—to which contract with Steenberg the bank was *not* a party. However, the bank assigns the terms of such separate contract, which perhaps was not performable within a year, and the evidence pertaining to that different agreement, as a defense to the loan agreement.

The "as and when required" provision seems to be the crux of this case.

The bank pleaded the statute, which, as a defense, must be done,[2] and asked for an instruction to the jury to determine factually if the *loan agreement* could or could not be performed within a year. The court denied the request, but after the jury found a contract and assessed damages, denied recovery and entered judgment of no cause of action under the apparent misconception that the contract between M & S and Steenberg effectively and necessarily controlled or destroyed the contract for a loan between the bank and M & S.

You look at the terms of the contract claimed to be vulnerable to the statute. In this case it was the loan agreement,—not a separate contract of the borrower with someone else, the terms of which latter might be fixed as requiring performance two or ten years beyond the year period.

It seems to us that "as and when required" is not much different than "as long as he needed it," in the leading case of Warner v. Tex. & Pac. R. Co.,[3] and that "until final payment" in the contract executed by M & S with Steenberg, strangers to the loan agreement, is itself somewhat of a stranger to "as and when required," and is not necessarily included in or obliterative of the contract under attack, whose terms alone must be viewed and interpreted. Mr. Corbin, eminent authority on the subject, seems to agree and succinctly states the principles applicable to the facts of this case.[4] Practically all of the case law agrees.[5] Our own Utah authority, though

2. Rule 8(c) Utah Rules of Civil Procedure. The burden in such case would be on the bank to prove the defense.
3. 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495.
4. 2 Corbin on Contracts, 534, Sec. 444.
5. See Pacific Digest, No. 19 (Beginning 101 P.2d); 3 Williston, Contracts, 3rd Ed. 575, Sec. 495.

challenged by the bank, seems to espouse the same principles.[6]

The trial court went along with the jury as to existence of a loan agreement, its breach, damages, etc., but the court concluded that under the facts of the case, the agreement was offensive to the statute as a matter of law, after denying the bank's request to put that very *fact* question to the jury. Everyone apparently conceded it was a fact question, and it seems only fair that this case be tried again before an arbiter of the facts,—either court or jury,—based on whatever facts might relate to the wording of the agreement and its interpretation.[7]

The rights of cosigners for M & S against the bank and vice versa are so enmeshed with the circumstances of this case as to warrant a remand of this case for another trial on all counts,—and it is so ordered.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

6. Zions Service Corp. v. Danielson, 12 Utah 2d 369, 366 P.2d 982 (1961).

7. San Francisco Brewing Co. v. Bowman, 52 Cal.2d 607, 343 P.2d 1 (1959); Sugar v. Miller, 6 Utah 2d 433, 315 P.2d 862 (1957).