470 P.2d 252 (1970)
24 Utah 2d 264
W.W. & W.B. GARDNER, INC., a corporation, Plaintiff and Respondent,
v.
Jim PAPPAS and Russ Wallace Roofing, a corporation, Defendants,
William R. Wallace, Defendant and Appellant.
No. 11684.
Supreme Court of Utah.
June 2, 1970.
John L. McCoy and Robert Ryberg, of Barker & Ryberg, Salt Lake City, for defendant and appellant.
Horace J. Knowlton, Salt Lake City, for plaintiff and respondent.
CALLISTER, Justice:
Plaintiff, a paving contractor, initiated this action to recover the reasonable value for asphaltic concrete paving laid at the site of the Wallace Warehouse. Plaintiff joined Jim Pappas, William R. Wallace, aka Russ Wallace, Mrs. Wallace, and Russ Wallace Roofing, a corporation. The trial court granted judgment to plaintiff against William R. Wallace and the corporate defendant; the action against the other defendants was dismissed. William R. Wallace, *253 alone, appeals; the judgment of the trial court is affirmed.
Jim Pappas, a contractor, constructed a warehouse for Wallace. Pappas had received a bid at a stated price per square yard from plaintiff for paving several projects. Wallace determined that the paving of his premises would be unnecessary, and Pappas so notified plaintiff. Pappas settled his account with Wallace for the construction of the warehouse. Subsequently, Wallace changed his mind about the paving and contacted Pappas, who informed Wallace about the bid of plaintiff. Wallace asked Pappas to contact plaintiff to do the work. Plaintiff was slow in responding to the request, and Wallace complained to Pappas; Pappas instructed him to contact plaintiff directly, which Wallace did. Pappas also telephoned an agent of plaintiff because he felt that as a contractor he had more influence. When plaintiff completed the work, it sent an invoice to Pappas and a copy to Wallace. Pappas took the invoice to Wallace and told him to pay it directly because it was Wallace's contract; Wallace agreed. Pappas testified that if the contract were through his company, he would have charged a ten per cent fee. Wallace requested that plaintiff extend him additional time, which was granted. Wallace has never paid. There was no evidence adduced to indicate either that plaintiff was aware of the existence of the corporation or that Wallace made a disclosure of his status as merely an agent thereof to plaintiff. Plaintiff introduced into evidence a deed which indicated that title to the warehouse property was in the names of Wallace and his wife as joint tenants.
The trial court found as a matter of fact that the paving work was done at the special instance and request and for the benefit of William R. Wallace and Russ Wallace Roofing, a corporation, and judgment was entered accordingly.
On appeal Wallace cites the Statute of Frauds, specifically Section 25-5-4(2), U.C.A. 1953, which provides that a promise to answer for the debt, default or miscarriage of another must be in a writing subscribed by the party to be charged. Wallace asserts that there was no evidence in the record of an agreement, note, or memorandum under the terms of which he agreed to pay the obligation of the corporation. He concludes that there is no ground upon which to predicate his personal liability, and, therefore, the judgment of the trial court cannot be sustained.
This court has held that in determining whether or not there is an original promise (not within the Statute of Frauds) or a collateral promise (within the Statute of Frauds) under a given set of facts, the intention of the parties governs. In most cases, the question of intention is a question of fact for determination by the fact-finder, unless the relationship is so clear from the language used, the situation of the parties, and the surrounding circumstances that there can be no reasonable dispute.[1]
Implicit within the finding of the trial court that the work was done at the instance, request and for the benefit of Wallace, is the determination that Wallace made an original promise to pay the reasonable value therefor.
However, the basis upon which the instant appeal should be resolved is that the Statute of Frauds was not properly pleaded and therefore did not constitute a defense. Mr. and Mrs. Wallace and the corporation filed an answer in which they pleaded a general denial; they filed simultaneously a separate motion to dismiss on the ground that plaintiff's claim was barred by the Statute of Frauds. Rule 12(b), U.R.C.P., specifies the defenses which may be asserted by motion, defendants' ground is not included therein. Rule 8(c), U.R.C.P., provides that the Statute of Frauds is an affirmative defense. Defendants did not follow this procedure.[2]
*254 Another aspect which merits consideration is that at the trial defendants' theory apparently was that Pappas made the original promise and that the Statute of Frauds was applicable as to their allegedly collateral promise. There was no indication in the pleadings, and there was no attempt to make any amendment thereto to assert the theory now claimed by Wallace in this appeal, namely, that his promise was collateral to the original promise of the corporation. Since this matter was not put in issue, there was no specific finding made by the trial court as to whether the parties intended that the promise made by Wallace, individually, to pay was collateral or original. The issue may not be submitted for the first time on appeal.
The judgment of the trial court is affirmed. Costs are awarded to plaintiff.
CROCKETT, C.J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.
NOTES
[1] O'Hair v. Kounalis, 23 Utah 2d 355, 358, 463 P.2d 799 (1970).
[2] See M & S Construction and Engineering Co. v. Clearfield State Bank, 19 Utah 2d 86, 87, 426 P.2d 227 (1967).