2000 Utah Ct. App. 105

**Robert Neldon CONDER, Plaintiff and Appellant,**

v.

**Royal K. HUNT; Kim C. Hansen; Bancroft Whitney Co.; Eileen M. Salisbury; John Harr, Sr.; U.S. Internal Revenue Service; Utah State Tax Commission; Jean Conder; and any and all other persons unknown claiming any right, title, estate, lien, or interest in the real property described in the complaint by or through Royal K. Hunt, Defendants and Appellees.**

**Larry R. Vonwald, Intervenor and Appellee.**

**No. 980270–CA.**

Court of Appeals of Utah.

April 13, 2000.

Rehearing Denied May 3, 2000.

Richard C. Terry, Corbridge, Baird & Christensen, Salt Lake City, for Appellant.

Larry L. Whyte, Salt Lake City, and Randy M. Lish, Orem, for Appellees.

Before JACKSON, Associate P.J., BENCH, and ORME, JJ.

## OPINION

ORME, Judge:

¶ 1 Appellant, Robert Neldon Conder, appeals the trial court's dismissal of his action seeking declaratory relief and a judgment quieting his title to the home in which he has lived for over twenty years. The trial court granted defendants' motion for summary judgment on two grounds: First, because res judicata barred Conder from bringing this quiet title action, and second, because the applicable statute of limitation had run. We disagree and reverse.

## BACKGROUND [1]

¶ 2 In 1978, Conder and his wife purchased a home in Sandy, Utah, which, despite their subsequent divorce, has remained Conder's principal residence. In the years Conder has lived in the Sandy home, he has paid all taxes, insured the property, and cared for the home. In 1987, the home went into foreclosure, and Conder asked Royal K. Hunt, an attorney, for help. Hunt, apparently confusing the roles of attorney and mortgage banker, provided approximately $13,000 to cure the mortgage default and, as security for the loan, Conder and his former wife each gave Hunt a deed to the property, which Hunt later recorded.[2]

¶ 3 In 1989, Hunt initiated a quiet title action against Conder and Conder's former wife. Conder's former wife responded by alleging fraud as an affirmative defense, by cross-claiming against Conder, and by counterclaiming for quiet title and requesting that the amount due Hunt be fixed by the court.[3] The action was eventually dismissed, without prejudice, for failure to prosecute. Significantly, Conder remained in possession of the property throughout this time and, indeed, remains in possession to this day.

¶ 4 Hunt began experiencing financial difficulties.[4] In 1994, Hunt's judgment creditors

---

1. Because summary judgment was entered against Conder, we recite the facts in the light most favorable to him. *See Jensen v. IHC Hosps., Inc.,* 944 P.2d 327, 339 (Utah 1997).

2. Questionable conduct was apparently not unheard of in the course of Hunt's legal practice. After a total of three suspensions, Hunt resigned his bar membership, "with discipline pending," admitting several ethical violations. *Discipline Corner,* Utah Bar Journal, Apr. 1996, at 17, 28.

3. The record does not indicate how—or if—Conder himself responded to Hunt's 1989 quiet title action or his former wife's cross-claim against him.

4. Conder and Hunt each filed bankruptcy petitions after the 1987 transaction. While their bankruptcies are not at issue in this case, their actions during those bankruptcies are instructive. On three occasions since 1987, Conder has filed for bankruptcy and in each instance has listed his Sandy home as an asset and the amounts advanced by Hunt as a debt. Conversely, Hunt has filed for bankruptcy twice since 1987, but in both instances has failed to list the Conder home or the debt due from Conder as an asset of his bankruptcy estate.

discovered, and sought execution on, Conder's home, believing it to be Hunt's property as the recorded deeds would suggest. Conder responded by filing a motion to stay and sought to intervene in the creditors' action in order to establish his ownership of the property, subject to the security interest in Hunt's favor. The trial court orally denied the motion to stay and the motion to intervene, but its written order of February ·1995 only denied Conder's motion to stay.

■ ¶ 5 Over a year later, Conder renewed his motion to intervene. In December 1996, the trial court denied the motion, stating: "The Court declines to reach Robert Conder's Motion to Intervene, having previously denied said motion and no appeal having been taken therefrom."[5] Conder did not appeal the final denial of his request to intervene. Instead, Conder brought this action against Hunt and others with recorded or potential claims on the property, seeking recognition of his fee simple ownership of the disputed property, to have the deeds given to Hunt declared mortgages,[6] and to have the respective interests of the parties declared by the trial court. Conder has never sought to dispute his indebtedness to Hunt—only to have his fee simple ownership recognized, subject to Hunt's security interest; to be told how much is due Hunt or, now, Hunt's creditors; to be told to whom he should make payment; and to have the recorded interests of those claiming through Hunt clarified and, upon payment of the amount due, released.

¶ 6 After Conder commenced the present action, defendants moved for summary judgment, claiming the action was barred by the three-year fraud statute of limitation and, because of Conder's failed motion to intervene, by res judicata. The trial court granted the motion for summary judgment. The court, without stating which statute it believed applied to the action, determined that the "applicable statute of limitations had expired." The court also concluded that Con-

der's quiet title claim "raised the same allegations and claims [and] ... sought the same relief" as Conder's prior motion to intervene, and consequently was "barred on the basis of *res judicata.*"

## ISSUES AND STANDARD OF REVIEW

¶ 7 Conder appeals the trial court's grant of summary judgment, arguing: (1) an unsuccessful motion to intervene, which is not appealed, does not trigger the doctrine of res judicata in later actions involving the same issues; and (2) no statute of limitation bars an action brought by a person in actual and continuous possession of real property when the action concerns title to or possession of that property.

¶ 8 "'Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.' Because a summary judgment presents questions of law, we review the trial court's ruling for correctness." *In re General Determination of the Rights to the Use of All the Water,* 1999 UT App 39, ¶ 12, 982 P.2d 65 (citations omitted). *Accord Lund v. Hall,* 938 P.2d 285, 287–88 (Utah 1997) (case involving statute of limitations); *Salt Lake City v. Silver Fork Pipeline Corp.,* 913 P.2d 731, 733 (Utah 1995) (case involving res judicata). *See* Utah R. Civ. P. 56(c).

## RES JUDICATA

■ ¶ 9 Res judicata embraces two distinct doctrines: claim preclusion and issue preclusion. *See Madsen v. Borthick,* 769 P.2d 245, 247 (Utah 1988). Claim preclusion, the branch of res judicata relied upon by defendants, operates as a complete bar to a second action based on a claim that was (or could have been) raised in a prior action. *See id.* Claim preclusion only bars a second action if

---

5. Because the prior denial of the motion to intervene was not treated in a signed order, Conder would not actually have been entitled to appeal that denial. *See Hinkins v. Santi,* 25 Utah 2d 324, 325, 481 P.2d 53, 54 (1971).

6. Such relief is traditionally available in appropriate cases. *See generally Bybee v. Stuart,* 112 Utah 462, 189 P.2d 118 (1948) (holding that deed absolute on its face may be shown by parol evidence to have been given for security purposes only and, upon such showing, that equity will give effect to intention of parties).

the suit in which that cause of action is being asserted and the prior suit satisfy three requirements. First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Id. Accord American Estate Mgmt. Corp. v. International Inv. & Dev. Corp.,* 1999 UT App. 232, ¶ 6, 986 P.2d 765. If any one of these three requirements is missing, claim preclusion is inapplicable. *See Madsen,* 769 P.2d at 247. We conclude Conder's action is not barred under the claim preclusion doctrine.

 ¶ 10 First, despite his efforts to intervene, Conder was not a party to the creditors' action against Hunt and is not bound by any judgment entered therein.[7] *See Provident Life & Accident Ins. Co. v. Linthicum,* 930 F.2d 14, 16 (8th Cir.1991) (holding that plaintiff "was not bound by the prior state court order because [plaintiff] had been denied leave to intervene . . . and thus it was not a party to those proceedings"); *Searle Bros. v. Searle,* 588 P.2d 689, 692 (Utah 1978) (" 'The right to intervene in an action does not, in the absence of its exercise, subject one possessing it to the risk of being bound by the result of the litigation, under

the doctrine of res judicata[.]' ") (quoting 46 Am.Jur.2d *Judgments,* § 530).[8]

 ¶ 11 Second, claim preclusion only applies when there was a final judgment on the merits in the prior action. *See Madsen,* 769 P.2d at 247. While the denial of a motion to intervene is appealable, *see Tracy v. University of Utah Hosp.,* 619 P.2d 340, 342 (Utah 1980), it does not finally determine the merits of the intervenor's claim.[9] *See Saunders v. Bankston,* 31 Colo.App. 551, 506 P.2d 1253, 1257 (1972) ("[T]he court's denial of the intervention is not an adjudication on the merits of those claims. Accordingly, the claims which plaintiff asserts . . . are not barred by the prior judgment."). Nor does it matter if, after a failed attempt to intervene, there is eventually a final judgment in the action in which intervention failed, unless there "was an adjudication on the merits of the claims which [the intervenor] sought to assert," *id.* at 1257, and the intervenor's interests were protected by a party in privity with the intervenor. *See supra* note 8. Otherwise, as in this case, the party denied intervention retains the right to have the underlying dispute resolved at a later time in a separate action.[10] *See Searle,* 588 P.2d at 692; *Reed v. Frey,* 10 Ariz.App. 292, 458 P.2d 386, 388 (1969); *Saunders,* 506 P.2d at 1257.

 ¶ 12 In sum, the doctrine of claim preclusion does not bar later actions when a party has been denied intervention, even

7. Conder's failure to intervene successfully was defendants' only argument for granting summary judgment on the basis of res judicata. Hunt's previous 1989 quiet title action, which was not resolved on the merits, is irrelevant.

8. The rule that claim preclusion applies only when a party was involved in both actions is subject to a limited exception for parties who are bound by the participation in a prior proceeding of those in privity with them. *See, e.g., In re General Determination of the Rights to the Use of All the Water,* 1999 UT App 39, ¶ 13, 982 P.2d 65. "While '[p]rivity is an elusive concept,' it is generally applied to those with a sufficiently close identity of interests." *People Who Care v. Rockford Bd. of Educ.,* 68 F.3d 172, 177 (7th Cir.1995) (quoting *In re L & S Indus., Inc.,* 989 F.2d 929, 932 (7th Cir.1993)). Conder's interests are not so close in identity with Hunt's or any other party in the prior proceeding as to make this exception applicable.

9. A decision not to permit intervention is not necessarily a reflection on the merits of the would-be intervenor's claims. If intervention is permissive, whether the trial court will allow it is entirely discretionary. *See* Utah R. Civ. P. 24(b). Even in the case of a claimed "intervention of right," the court may disallow it if it concludes the applicant's interest in property will not be impaired or that the applicant is "adequately represented by existing parties." *Id.* 24(a).

10. For example, if an individual moved to intervene in an action involving the failed sale of a neighbor's house because the neighbor had destroyed his fence, a trial court's denial of the motion, based on its assessment that there was no basis for intervention because the individual's claim had nothing to do with the underlying action, would not bar a subsequent action regarding the fence, even though the new action presents the same issues presented in the failed motion to intervene.

when the motion to intervene raises issues identical to those asserted in the later lawsuit. One who is denied intervention is not considered a party to the prior action and cannot be bound by it unless he or she is in privity with a party to the prior action who has sufficiently similar interests. Claim preclusion also requires that the prior action be finally decided on the merits. A denial of intervention does not decide the merits of the claim underlying the motion to intervene. Therefore, summary judgment in this case should not have been granted on the basis of res judicata.

### STATUTE OF LIMITATION

¶ 13 In their answer, defendants affirmatively pleaded two statutes of limitation, specifically Utah Code Ann. § 78-12-23 (1996) (six year statute for actions founded on written contracts) and § 78-12-26 (1996) (three year statute for fraud actions). *See* Utah R. Civ. P. 8(c). *See also id.* 9(h) ("In pleading the statute of limitations," the statute relied on must be referred to or described "specifically and definitely by section number, subsection designation, if any, or otherwise designating the provision relied upon sufficiently clearly to identify it.").[11] However, in their motions for summary judgment, aside from a single passing reference, defendants argued only the statute applicable to fraud actions.

■ ¶ 14 "As with any affirmative defense, defendants have the burden of proving every element necessary to establish that the statute of limitations bars [plaintiff's] claim." *Seale v. Gowans,* 923 P.2d 1361, 1363 (Utah 1996). *See Stewart v. K & S Co.,* 591 P.2d 433, 435 (Utah 1979); *Slayden v. Sixta,* 250 Kan. 23, 825 P.2d 119, 122 (1992) (stating "the burden of pleading and proving" statute of limitation's applicability "rests on the defendant"). *See also* Utah R. Civ. P. 9(h) (stating "the party pleading the statute must establish ... the facts showing that the cause of action is so barred"). Defendants cannot baldly assert Conder's complaint alleges fraud without showing that such a claim is actually pleaded. A defendant's burden includes showing that the statute of limitation alleged as an affirmative defense actually applies. *See Ponderosa One Ltd. v. Salt Lake City Suburban Sanitary Dist.,* 738 P.2d 635, 636–37 (Utah 1987) (reversing summary judgment when statute of limitations alleged as affirmative defense was not proven).

■ ¶ 15 Notwithstanding the general liberality of notice pleading, a claim of fraud is among the handful of matters that must be pleaded "with particularity." Utah R. Civ. P. 9(b). Defendants fail to show that Conder sought relief for fraud or that he pleaded the requirements of fraud. *See Hermann v. Town of Delavan,* 215 Wis.2d 370, 572 N.W.2d 855, 857 n. 3 (1998) ("[To determine] whether [a] complaint ... pleads a cause of action ... we are limited to an examination of the allegations as stated in the complaint."). In Utah, the elements of fraud are:

(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such a representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.

*Dugan v. Jones,* 615 P.2d 1239, 1246 (Utah 1980) (footnote omitted). Hunt's possible intent to defraud does not automatically make Conder's claim against the defendants one for fraud. Nor does Conder's former wife's assertion of fraud as a defense to Hunt's 1989 quiet title action somehow carry over to the current action. Moreover, in the face of the pleading-with-particularity requirement, Conder does not even caption a fraud claim,

---

11. It should be observed that there is no federal rule equivalent to our Rule 9(h), which requires that the applicable statute of limitation be specifically pleaded and proved. *Compare Santos v. District Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL–CIO,* 619 F.2d 963, 967 (2nd Cir.1980) ("Identification of a particular statute relied upon, though helpful, is not required in the pleading."), *with Wasatch Mines Co. v. Hopkinson,* 24 Utah 2d 70, 75 n. 5, 465 P.2d 1007, 1011 n. 5 (1970) ("It has been uniformly held as the law of this state that the applicable section of the statute of limitations must be specifically pleaded [and proved].").

much less plead the nine requirements of such a claim.

¶ 16 Conder styled his complaint as one to quiet title and sought to have the apparent deeds adjudged to be only mortgages. *See supra* note 6. Conder does not allege fraud, and defendants have failed to meet their burden of proving the action is, nonetheless, somehow a fraud claim. *See Hensley v. Valley Realty Co.*, 1985 Tenn.App. LEXIS 2816, *1 ("The nature or type of cause of action plead[ed] is determined from the allegations of the complaint.").

¶ 17 For reasons previously explained, we will not consider other statutes of limitation that might bear on Conder's claim. *See also Wasatch Mines Co. v. Hopkinson*, 24 Utah 2d 70, 75 n. 5, 465 P.2d 1007, 1011 n. 5 (1970) (to be considered, the applicable statute of limitation "must be specifically pleaded"); *American Theatre Co. v. Glasmann*, 95 Utah 303, 306, 80 P.2d 922, 923 (1938) (stating "if the [statute of limitation] pleaded is not applicable it does not avail defendant that the action may be barred by another section not pleaded" or proved). At the same time, we recognize the general rule is that those in actual possession of real estate are never barred by any statute of limitation from seeking to quiet their title. *See, e.g., Riddick v. Streett*, 313 Ark. 706, 858 S.W.2d 62, 64 (1993) *Muktarian v. Barmby*, 63 Cal.2d 558, 47 Cal.Rptr. 483, 407 P.2d 659, 660–61 (1965); *Ankoanda v. Walker–Smith*, 44 Cal.App.4th 610, 52 Cal.Rptr.2d 39, 42–43 (1996), *review denied*; *Peterson v. Hopkins*, 210 Mont. 429, 684 P.2d 1061, 1065 (1984); *Viersen v. Boettcher*, 387 P.2d 133, 138 (Okla. 1963). *See also* 65 Am.Jur.2d *Quieting Title* § 55 (1972). While no Utah case cited by the parties specifically adopts this rule, a number of cases seem to assume that Utah adheres to it. *See, e.g., Rodgers v. Hansen*, 580 P.2d 233, 235 (Utah 1978) *Davidsen v. Salt Lake City*, 95 Utah 347, 352–53, 81 P.2d 374, 376–77 (1938). However, a definitive ruling on the question must await a case in which it is more squarely in issue.

## CONCLUSION

¶ 18 The trial court erred in entering summary judgment against Conder. That judgment is reversed and the case remanded for trial or such other proceedings as may now be appropriate.

¶ 19 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, and RUSSELL W. BENCH, Judge.