2008 UT App 254

**Gloria Hayley ASHBY, Plaintiff and Appellant,**

v.

**Dallen Ben ASHBY, Defendant and Appellee.**

**No. 20070362–CA.**

Court of Appeals of Utah.

July 3, 2008.

Scott P. Card and Matthew R. Howell, Provo, for Appellant.

David J. Hunter, Orem, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

---

## OPINION

ORME, Judge:

¶ 1 Appellant Gloria Ashby appeals the trial court's dismissal of her complaint against her former husband, premised on theories of breach of contract and unjust enrichment. The trial court dismissed the complaint on the basis that the Utah Supreme Court's opinion in *Martinez v. Martinez*, 818 P.2d 538 (Utah 1991), barred both claims and that the statute of frauds additionally barred the contract claim. Because we do not read *Martinez* as broadly as did the trial court and because we conclude that the trial court's ruling went beyond the narrow scope of a motion to dismiss for failure to state a claim, we reverse.

## BACKGROUND

¶ 2 This appeal is taken from the trial court's order dismissing Appellant's complaint for failure to state a claim upon which relief can be granted. *See* Utah R. Civ. P. 12(b)(6). We " 'accept the material allegations in the complaint as true and interpret those facts and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff as the non-moving party.' " *Moss v. Pete Suazo Utah Athletic Comm'n*, 2007 UT 99, ¶ 8, 175 P.3d 1042 (citation omitted). We summarize the pertinent facts with these principles in mind.

¶ 3 The parties were married from 1997 until 2006, when they divorced. As alleged by Appellant, a contract between the parties was formed through various communications. Specifically, prior to and during the marriage, Appellee asked Appellant to work and support him during the time he was obtaining his education, up to and including the time he obtained a degree in medicine, in lieu of Appellant's pursuing her own business and educational opportunities.

¶ 4 The essence of the alleged contract was that Appellant would make certain sacrifices in her education, opportunities, and quality of life so that Appellee could obtain his medical degree. In return, after Appellee finished medical school, he would provide her with the "niceties of life" incidental to a doctor's income. Appellant agreed to make these sacrifices with the assurance that she would share in Appellee's inevitably higher income once he became a doctor. The parties' alleged contract apparently did not contain a provision specifically dealing with the rights and obligations of the parties upon breach.

¶ 5 The parties' marriage dissolved as soon as Appellee obtained his medical degree. Appellant filed her complaint for divorce, which included her contract claim, and the divorce proceeding was bifurcated. A decree of divorce was entered on April 12, 2006, reserving all other issues for trial. Appellee then filed a 12(b)(6) motion to dismiss the contract claim, after which Appellant amended her complaint to add her cause of action for unjust enrichment. Appellee then moved to dismiss the unjust enrichment claim as well as the contract claim. A commissioner recommended that the motion to dismiss be granted on the basis that both claims must be filed in an action separate from the divorce action. The trial court adopted the commissioner's recommendation and dismissed the breach of contract and unjust enrichment claims without prejudice.[1]

¶ 6 Appellant then commenced this action. Appellant alleged that Appellee breached the contract when he reneged on his obligation after she performed her part of the bargain.

---

1. In his separate opinion, Judge Bench points out that the unjust enrichment claim, being equitable in nature, should have remained part of the divorce case. He may well be right, as a technical matter, and indeed there is no obvious reason why even the contract claim could not have been dealt with in the action originally filed. *See* Utah R. Civ. P. 8(e)(2) (In pleading, "[a] party may ... state as many separate claims ... as he has ... whether based on legal or on equitable grounds or on both."). In terms of judicial economy, the contract and unjust enrichment claims grow out of the same nucleus of facts and should be con-sidered together, one place or another. And any real difficulty is avoided in this case because the same judge who handled the divorce case was also assigned the instant case and thus had "the big picture." Most importantly, Appellee did not appeal the divorce court's dismissal of the unjust enrichment claim on the basis that it should be dealt with in a separate action and has not contended in this appeal that the unjust enrichment claim is barred because it should have been broken off from the contract claim and handled in the divorce case.

Appellant also alleged that this conduct unjustly enriched Appellee. Appellee responded with both an answer and a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, asserting that the statute of frauds barred Appellant's breach of contract claim and that *Martinez v. Martinez*, 818 P.2d 538 (Utah 1991), disallows breach of contract and unjust enrichment causes of action arising in a marital setting. The trial court agreed and granted the motion to dismiss. Appellant seeks reversal of the dismissal.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 This appeal is more about pleading and procedure than the ability of spouses to enter into enforceable contracts concerning their respective financial obligations. In determining whether the trial court correctly granted the motion to dismiss, we must " 'accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.' " *MFS Series Trust III v. Grainger*, 2004 UT 61, ¶ 6, 96 P.3d 927 (citation omitted). *See* Utah R. Civ. P. 12(b)(6). Dismissal under rule 12(b)(6) is only warranted in cases when "even if the 'factual assertions in the complaint were correct, they provide no legal basis for recovery.' " *Mackey v. Cannon*, 2000 UT App 36, ¶ 13, 996 P.2d 1081 (citation omitted). Ultimately, a trial court's decision to grant a motion to dismiss presents a question of law, which we review for correctness. *See Cruz v. Middlekauff Lincoln-Mercury, Inc.*, 909 P.2d 1252, 1253 (Utah 1996).

## ANALYSIS

¶ 8 "A rule 12(b)(6) motion to dismiss is not an opportunity for the trial court to decide the merits of a case[.]" *Tuttle v. Olds*, 2007 UT App 10, ¶ 14, 155 P.3d 893. Instead, "Rule 12(b)(6) concerns the sufficiency of the pleadings[.]" *Alvarez v. Galetka*, 933 P.2d 987, 989 (Utah 1997). For example, a rule 12(b)(6) dismissal is proper when a plaintiff has sued for negligence but there is no possibility from the facts alleged that a legal duty of care was owed by defen-

dant to plaintiff. *See Tuttle*, 2007 UT App 10, ¶ 14, 155 P.3d 893. In summary, a rule 12(b)(6) motion places into issue only " 'the sufficiency of the pleadings, [and] not the underlying merits of [the] case,' " *Oakwood Vill., LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 8, 104 P.3d 1226 (quoting *Alvarez*, 933 P.2d at 989) (alterations in original), and the trial court may only consider the allegations in the pleadings themselves, *see id.* ¶ 12.

### I. Statute of Frauds

¶ 9 Rule 8(c) of the Utah Rules of Civil Procedure requires that "in pleading to a preceding pleading, a party shall set forth affirmatively ... [the] statute of frauds, ... and any other matter constituting an avoidance or affirmative defense." Utah R. Civ. P. 8(c). *See Smith v. Grand Canyon Expeditions Co.*, 2003 UT 57, ¶ 12, 84 P.3d 1154 (stating that affirmative defenses must be affirmatively pleaded in order to clearly frame the issues to be tried). "As with any affirmative defense, defendants have the burden of proving every element necessary to establish that [the statute of frauds] bars [plaintiff]'s claim." *Seale v. Gowans*, 923 P.2d 1361, 1363 (Utah 1996). *Accord Conder v. Hunt*, 2000 UT App 105, ¶ 14, 1 P.3d 558, *cert. denied*, 9 P.3d 170 (Utah 2000).

¶ 10 Here, Appellee raised the statute of frauds as an affirmative defense in his answer as is required by rule 8(c), but in moving for dismissal pursuant to rule 12(b)(6) on the theory *Appellant* failed to state a claim, Appellee failed to prove "every element necessary to establish that [defense]." *Seale*, 923 P.2d at 1363. *See also W.W. & W.B. Gardner, Inc. v. Pappas*, 24 Utah 2d 264, 470 P.2d 252, 253 (Utah 1970) ("Rule 12(b), U.R.C.P., specifies the defenses which may be asserted by motion[;] defendants' ground is not included therein. Rule 8(c), U.R.C.P., provides that the Statute of Frauds is an affirmative defense."). We may only affirm a rule 12(b)(6) dismissal if " 'it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claims.' " *Heiner v. S.J. Groves & Sons Co.*, 790 P.2d 107, 109 (Utah Ct.App.1990) (citation omit-

ted). There is simply no such certainty here.[2]

¶ 11 Appellant did not have to plead that her contract claim satisfies the statute of frauds; rather, Appellee, having raised the statute of frauds as an affirmative defense, had the ultimate burden of proving that it applied to bar Appellant's claim. Since Appellee's motion was brought as a pure 12(b)(6) motion, without supporting affidavits, *cf.* Utah R. Civ. P. 12(b), to prevail on his motion Appellee must have established that, as a matter of some facial deficiency of Appellant's complaint, the statute of frauds was a necessary bar to the action. *See supra* note 2. In no other way at this stage of the litigation—and in this procedural context—could Appellee effectively demonstrate that " '[Appellant] would not be entitled to relief under any state of facts which could be proved in support of [her] claims.' " *Heiner,* 790 P.2d at 109 (citation omitted).

### II. *Martinez v. Martinez*

¶ 12 The trial court also concluded that Appellant's claims were barred based on the Utah Supreme Court's opinion in *Martinez v. Martinez,* 818 P.2d 538 (Utah 1991). We disagree.

¶ 13 The appellant in *Martinez* urged our Supreme Court to recognize "equitable restitution" as a "new form of property" to provide for "a just and equitable distribution of the increased earning power which one spouse realizes from an advanced education acquired during the marriage." *Id.* at 540. The Supreme Court rejected the notion, holding that one who obtains an advanced degree "obtains that degree on the basis of his or her innate personal talents, capabilities, and acquired skills and knowledge," *id.* at 541, and thus refused to recognize "a property interest in personal characteristics of another person," *id.* at 542.

¶ 14 We are not persuaded that *Martinez,* a divorce case involving the distribution of property, precludes claims based on express contract or unjust enrichment simply because the parties involved happen also to be married. *See Reese v. Reese,* 1999 UT 75, ¶ 25, 984 P.2d 987 ("[S]pouses . . . may make binding contracts with each other[.]").[3] The theory barred by *Martinez* is not akin to the express contract or unjust enrichment claims asserted by Appellant in this case. *Martinez* only bars self-standing equitable allocations and not claims based on express contract or unjust enrichment. Appellant's claims are premised on familiar—one might say, routine—legal grounds, making them entirely different from the *Martinez* appellant's novel claim asking for an equitable property interest in the increased earning power attributable to her husband's medical degree. In sum, we believe the trial court's dismissal of Appellant's claim on the basis of *Martinez* reflects an overly broad reading of that opinion.

### CONCLUSION

¶ 15 We disagree that Appellant failed to state a claim on statute-of-frauds grounds, given that Appellee bore the burden to prove that Appellant failed to comply with the statute of frauds and he had not done so in the early pleading stage of this action. Furthermore, *Martinez* is not applicable to Appellant's claims. We accordingly reverse and

---

**2.** There may be a narrow range of cases where the statute of frauds could be the basis for a motion to dismiss for failure to state a claim, even if the statute were not raised as an affirmative defense. Such cases would be those in which the inefficacy of a claim under the statute of frauds appeared unambiguously on the face of the complaint, such as if plaintiff specifically alleged and sought to enforce the existence of an oral contract to purchase real estate which had not been even partially performed by plaintiff. *Cf.* Utah Code Ann. § 25–5–1 (2007); *see also Jenkins v. Percival,* 962 P.2d 796, 801 (Utah 1998) ("Under the statute of frauds, an otherwise invalid agreement may be enforced through a court's equitable prerogatives if a party, relying on the oral agreement, partially performs its contractual obligations."). The instant case is not of this type, Appellant having only generally alleged the existence of a contract, saying nothing about whether it is merely oral or both written and signed by Appellee. *See* Utah Code Ann. § 25–5–4(1) (2007).

**3.** To take a simple and obvious example, if Wife loans Husband $60,000, to be repaid with 5% interest in ten months, and Husband refuses to pay as agreed, it is no defense to Wife's collection action that the parties are married.

remand to the trial court for such further proceedings as may now be appropriate.

¶ 16 I CONCUR: JUDITH M. BILLINGS, Judge.

BENCH, Judge (concurring and dissenting):

¶ 17 I agree that because the statute of frauds is an affirmative defense, the trial court prematurely cut off Gloria Ashby's claim for breach of contract. I disagree, however, that the equitable claim of unjust enrichment should also go forward. *See, e.g., American Towers Owners Ass'n v. CCI Mech., Inc.,* 930 P.2d 1182, 1192–93 (Utah 1996) (stating that a claim for unjust enrichment seeks an equitable remedy). In my view, equitable claims between divorcing parties can be addressed only in the divorce action. *See Martinez v. Martinez,* 818 P.2d 538, 541–43 (Utah 1991) (holding that the Utah Code and relevant case law allows trial courts sufficient flexibility in formulating support awards such that a separate award for equitable restitution cannot stand). Specifically, in determining alimony, the divorce court "shall consider . . . whether the recipient spouse directly contributed to any increase in the payor spouse's skill by paying for education received by the payor spouse or allowing the payor spouse to attend school during the marriage." Utah Code Ann. § 30–3–5(8)(a)(vii) (2007).

¶ 18 I would therefore allow only the legal claim for breach of contract to survive the 12(b)(6) motion to dismiss.