2008 UT App 145

**Kenneth DAVIS, Plaintiff and Appellant,**

v.

**Dennis GOLDSWORTHY, Defendant and Appellee.**

**No. 20060924–CA.**

Court of Appeals of Utah.

April 24, 2008.

Justin D. Heideman and Lorelei Naegle, Provo, for Appellant.

Gregory Hansen, American Fork, for Appellee.

Before THORNE, Associate P.J., DAVIS and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues, as presented, are readily resolved under applicable law.

¶ 2 Plaintiff Kenneth Davis appeals from the trial court's decision to grant defendant Dennis Goldsworthy's rule 60(b) motion and set aside a default entered against Goldsworthy. Had the default not been set aside, Davis would have proceeded to obtain a default judgment for damages resulting from his being denied ownership of his deceased ex-wife's real property in American Fork, Utah.

¶ 3 Davis filed suit on December 23, 2003, claiming ownership of his deceased ex-wife's real property pursuant to an oral agreement. He also claimed that Goldsworthy, the record title-holder of the property, obtained the property as a result of undue influence or fraud. On May 5, 2005, Davis sent notice of Goldsworthy's June 13 deposition to Goldsworthy's attorney. On the appointed day, Goldsworthy did not appear. Goldsworthy's attorney acknowledged that despite several attempts, he had been unable to locate or contact Goldsworthy. Davis filed a motion to compel Goldsworthy's attendance at the deposition, and the court scheduled a hearing on the motion for September 2.

¶ 4 Before the hearing, Goldsworthy's attorney filed a motion to withdraw based on Goldsworthy's failure to pay for legal services, his failure to communicate with counsel, and his apparent relocation to an unknown address. The court granted the motion to withdraw and continued the September 2 hearing to October 14. Davis sent a notice to appear personally or appoint new counsel by first class mail to Goldsworthy's last known home and business addresses on September 20. *See* Utah R. Civ. P. 74(c). Goldsworthy did not appear at the October 14 hearing, so the trial court struck his pleadings and entered his default.

¶ 5 Because Davis's complaint requested unspecified damages, Davis requested—and the court scheduled—a hearing to establish damages. The hearing was set for February 3, 2006. Both Davis's request and the court's notice of hearing were also sent by first class mail to Goldsworthy's last known home and business addresses.

¶ 6 On January 20, 2006, the trial court received a letter from Goldsworthy, who had moved to Colorado, requesting a thirty-day continuance so he could obtain new counsel and get time off work to attend the hearing.[1] Shortly thereafter, his new counsel entered an appearance and moved the court to set aside Goldsworthy's default. The court continued the February 3 hearing to February 27.

¶ 7 In his memorandum supporting his motion to set aside default, Goldsworthy stated that

[he] was going through a divorce at the time this litigation began, and was required to shut down his business, and move [to] Colorado. His only stable address was that of his business. When he moved, he had no forwarding address. He had not been able to communicate with his former counsel ... since May of 2005, and moved the first week of June, 2005, which was when the Subpoena Duces Tecum was served on his counsel. [His] counsel did

not inform him of the Subpoena or the deposition, and then withdrew in September of 2005 without informing him of the status of the case.

... [D]ifficulties in his life at the time were so distracting and consuming that he neglected to pay attention to the lawsuit.

Goldsworthy further asserted that "he did not receive the Notice to Appear or Appoint Counsel because it was not mailed to him," that "the claims made by the Plaintiff in this case are false," and that "setting aside the default in this case would not result in substantial injustice to the Plaintiff. He would only be required to pursue this case on the merits, and will lose nothing if his claims are meritorious."

¶ 8 At the hearing, the trial court interrupted Davis's counsel during argument and raised the issue of notice:

THE JUDGE: Counsel, I want you to back up and address another problem that I'm concerned about first.

. . . .

.... How did you obtain service of your notice to appear or appoint?

. . . .

.... Under Rule 74 how did you obtain service ... [?]

. . . .

MS. NAEGLE: Simply mailed it.

THE JUDGE: And is it your position that that's adequate under the rules?

MR. HEIDEMAN: I believe it is, Your Honor....

THE JUDGE: Can you cite me to a rule that states that that's all the service that's required?

MR. HEIDEMAN: ... I don't have a rule off of the top of my head but I'm happy to research and provide a written memorandum to the court on that position.

THE JUDGE: Well, I'm troubled by that.... [S]imply mailing that to an address without return receipt requested, without other proof of service which would

---

1. Goldsworthy also wrote:

I am writing this letter in regard to a notice I received from my ex-wife stating there is to be a hearing on February 3, 2006. I was not aware of the ongoing situation with case number 030405431 due to the fact that I no longer live in Utah and now live in Colorado.

be required for a summons or complaint, or effecting personal service of the notice which was required under the old rule, I'm puzzled as to how that, that gives the court jurisdiction to go forward.

On that basis, the court then decided to set aside the default, but it awarded attorney fees to Davis, commenting, "Well it only gets you so far.... Mr. Goldsworthy, you have been less than diligent in maintaining contact with your attorneys and this court, it's going to cost you." Shortly thereafter, Davis filed a motion for reconsideration. In his supporting memorandum, he briefed the notice issue relied on by the court. The court denied that motion and ultimately dismissed Davis's action for failure to state a claim upon which relief can be granted. *See* Utah R. Civ. P. 12(b)(6). Davis appealed.[2]

¶ 9 On appeal, Davis contends that the trial court abused its discretion when it set aside Goldsworthy's default. Specifically, Davis argues that the trial court erred in finding service of his rule 74 notice was inadequate. He also argues that Goldsworthy failed to prove excusable neglect, one of the grounds under rule 60(b) that would justify setting aside a default judgment.[3] *See* Utah R. Civ. P. 60(b).

 ¶ 10 "[T]he law disfavors default judgments[.]"[4] *Black's Title, Inc. v. Utah State Ins. Dep't*, 1999 UT App 330, ¶ 5, 991 P.2d 607. *See Darrington v. Wade*, 812 P.2d

452, 456 (Utah Ct.App.1991) ("[D]efault judgment is an unusually harsh sanction that should be meted out with caution[.]"). Although "a trial court has broad discretion in deciding whether to set aside a default judgment," that "discretion is not unlimited." *Lund v. Brown*, 2000 UT 75, ¶ 9, 11 P.3d 277. We will overturn a trial court's decision to set aside a default if it has abused its discretion. *See id.* ¶¶ 9–11.

 ¶ 11 "As a threshold matter, a court's ruling must be 'based on adequate findings of fact' and 'on the law.'" *Id.* ¶ 9 (quoting *May v. Thompson*, 677 P.2d 1109, 1110 (Utah 1984) (per curiam)). While the trial court should exercise its discretion "in furtherance of justice and should incline towards granting relief in a doubtful case to the end that the party may have a hearing," *Helgesen v. Inyangumia*, 636 P.2d 1079, 1081 (Utah 1981), "[a] decision premised on flawed legal conclusions ... constitutes an abuse of discretion." *Lund*, 2000 UT 75, ¶ 9, 11 P.3d 277.

¶ 12 Rule 74(c) of the Utah Rules of Civil Procedure provides: "If an attorney withdraws ..., the opposing party shall serve a Notice to Appear or Appoint Counsel on the unrepresented party, informing the party of the responsibility to appear personally or appoint counsel." Utah R. Civ. P. 74(c). Rule 5 explains how service of papers other than a summons and complaint is to be made: "Service ... upon a party shall be made by

---

2. There is no question that Davis can challenge the trial court's interlocutory order setting aside the default once a final judgment has been entered. *See Zions First Nat'l Bank v. Rocky Mountain Irrigation, Inc.*, 931 P.2d 142, 144 (Utah 1997) ("When an appellant files a notice of appeal from a final judgment, he may, in his opening brief, challenge all nonfinal prior orders and happenings which led up to that final judgment.") (citation and internal quotation marks omitted). Davis has not pursued on appeal the propriety of the trial court's ruling dismissing his complaint for failure to state a claim.

3. Davis also argues that the trial court erred in denying his motion for reconsideration. In doing so, the court stated, "The motion [for reconsideration] questions the Court's reasoning and analysis but does not present arguments that could not have been made in connection with the motion [to set aside the default]." Davis complains that because the trial court raised the issue of adequate notice sua sponte at the prior

hearing, it was appropriate for him to argue the point later, after he had an opportunity to research it. Because we agree with Davis that the court erred in determining that his rule 74 notice was inadequately served, we need not address this issue.

4. We note that under our rules of civil procedure, there is a distinction between the entry of default and the entry of a default judgment. *See* Utah R. Civ. P. 55(a)-(b). Here, the trial court entered Goldsworthy's default but not a default judgment because the trial court had not yet reached the question of damages. *See id.* 55(b)(2). The parties did not recognize this distinction below, and their arguments on appeal assume that the standards for setting a default judgment aside apply equally to setting aside the entry of default. We consider the appeal on the terms framed by the parties but do not, thereby, accept the correctness of their shared assumption. *See infra* note 6.

delivering a copy or by mailing a copy to the last known address or, if no address is known, by leaving it with the clerk of the court." *Id.* 5(b)(1) (current version at Utah R. Civ. P. 5(b)(1)(A)(i)-(vii)).

■ ¶ 13 The only reason the court discussed when setting aside Goldsworthy's default was inadequate service of the notice to appoint counsel or appear personally. Davis, however, effected service of the notice in accordance with rule 5(b)(1). He sent his notice by first class mail to both Goldsworthy's last known home and last known business addresses. Under the Utah Rules of Civil Procedure, this was sufficient notice. *See id. See also Remington–Rand, Inc. v. O'Neil,* 4 Utah 2d 270, 293 P.2d 416, 417 (1956) (stating that " '[s]ervice by mail is complete upon mailing' " and that proof of such service is "a simple matter") (citation omitted). The trial court therefore erred in determining that service was inadequate.[5]

■ ¶ 14 Rule 60(b) allows a court "upon such terms as are just" and "in the furtherance of justice" to relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect; . . . or . . . any other reason justifying relief." Utah R. Civ. P. 60(b). Goldsworthy's theory before the trial court was essentially one of excusable neglect. "To demonstrate that the default was due to excusable neglect, '[t]he movant must show that he has used due diligence and that he was prevented from appearing by circumstances over which he had no control.' " *Black's Title, Inc.,* 1999 UT App 330, ¶ 10, 991 P.2d 607 (quoting *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429, 431 (1973)) (alteration in original). "In the absence of such a showing, [a defaulting party]'s assertion does not demonstrate his neglect was excusable." *Id.*

■ ¶ 15 We cannot determine, based either on the trial court's comments from the bench or its minute entry, whether it believed Goldsworthy's admitted neglect was sufficiently excusable to justify relief on that basis, totally aside from the notice ground on which the court erroneously premised its decision. Nor can we determine whether the trial court believed there was otherwise good cause to set aside the default.[6] Because the trial court is in "an advantaged position to judge [Goldsworthy]'s credibility," and "inasmuch as [an] application to set aside a default is equitable in nature, addressed to the conscience of the court, it can and should consider all of the attendant facts and circumstances" in deciding whether to set a default aside. *Board of Educ. v. Cox,* 14 Utah 2d 385, 384 P.2d 806, 808 (1963). Accordingly, we reverse and remand to the trial court for the detailed findings required under Utah case law and for such orders as may then be appropriate.[7]

---

5. The Utah Supreme Court and this court have previously held that an agency did not have to ensure actual notice in cases where the complaining parties were required to keep the agencies apprised of their current addresses. *See Anderson v. Public Serv. Comm'n,* 839 P.2d 822, 825–26 (Utah 1992); *Black's Title, Inc. v. Utah State Ins. Dept.,* 1999 UT App 330, ¶¶ 11–14, 991 P.2d 607. Similar principles and policy concerns are also present here. If we embraced a requirement that an opposing party must ensure actual notice by taking steps above and beyond compliance with the rule's service requirements, as suggested by the trial court, we would "encourage[ ] evasion of service." *Black's Title, Inc.,* 1999 UT App 330, ¶ 14, 991 P.2d 607. *See Anderson,* 839 P.2d at 826. *Cf. Meadow Fresh Farms, Inc. v. Utah State Univ.,* 813 P.2d 1216, 1220 & n. 7 (Utah Ct.App.1991) (holding "[p]laintiff's claim that [an] order of dismissal must be vacated because he did not have personal notice of the hearing [to be] without merit" when the defendant's attorney received notice of the hearing pursuant to rule 5(b)(1) but failed to appear).

6. Despite the parties' shared assumption, *see supra* note 4, the standards for setting aside a default may be less stringent than those for setting aside a default judgment. A trial court may set aside a default, as in the case here, "[f]or good cause shown," but it may set aside a default judgment only "in accordance with Rule 60(b)." Utah R. Civ. P. 55(c). *See Calder Bros. Co. v. Anderson,* 652 P.2d 922, 926 n. 4 (Utah 1982).

7. To set aside a default judgment, Utah case law requires not only a showing of *excusable* neglect or one of the other grounds under rule 60(b), but also the availability of a meritorious defense. *See Hernandez v. Baker,* 2004 UT App 462, ¶ 3, 104 P.3d 664; *Black's Title, Inc.,* 1999 UT App 330, ¶ 6, 991 P.2d 607. *See also Lund v. Brown,* 2000 UT 75, ¶ 28, 11 P.3d 277 (discussing requirement of showing meritorious defense). Even assuming the same criteria apply to setting aside defaults as to setting aside default judgments, *see supra* notes 4 and 6, this latter requirement need not concern the trial court on remand, given the peculiar posture of this case. The trial court,

¶ 16 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and JAMES Z. DAVIS, Judge.

after setting aside the default, dismissed the complaint for failure to state a claim upon which relief can be granted given the complaint's inviability under the statute of frauds. *See* Utah Code Ann. § 25–5–1 (2007). In appealing after entry of the final judgment in this matter, Davis did not pursue an appeal of that decision, thereby conceding the correctness of the dismissal of his complaint. He thus basically puts all of his eggs in one basket by seeking in this appeal only to have Goldsworthy's default reinstated—a first step to obtaining, by default, a judgment he implicitly concedes he could not obtain on any other basis.