2010 UT App 78

**Kenneth DAVIS, Plaintiff and Appellant,**

**v.**

**Dennis GOLDSWORTHY, Defendant and Appellee.**

No. 20090041–CA.

Court of Appeals of Utah.

April 8, 2010.

Justin D. Heideman and Bradley J. Weber, Provo, for Appellant.

Brian K. Haws, Pleasant Grove, for Appellee.

Before Judges McHUGH, THORNE, and VOROS.

## MEMORANDUM DECISION

McHUGH, Associate Presiding Judge:

¶ 1 Kenneth Davis appeals from the trial court's order setting aside the default against Dennis Goldsworthy. We dismiss Davis's appeal as moot.

¶ 2 This is the second time we have addressed issues relating to the trial court's decision to set aside the default. *See Davis v. Goldsworthy*, 2008 UT App 145, 184 P.3d 626. Accordingly, "[w]e quote liberally from the[ ] previous case[ ] in reciting the facts relevant to this case." *Ball v. Public Serv. Comm'n (In re Questar Gas Co.)*, 2007 UT 79, ¶ 2, 175 P.3d 545.

Davis filed suit on December 23, 2003, claiming ownership of his deceased ex-wife's real property pursuant to an oral agreement. He also claimed that Goldsworthy, the record title-holder of the property, obtained the property as a result of undue influence or fraud. On May 5, 2005, Davis sent notice of Goldsworthy's June 13 deposition to Goldsworthy's attorney. On the appointed day, Goldsworthy did not appear. Goldsworthy's attorney acknowledged that despite several attempts, he had been unable to locate or contact Goldsworthy. Davis filed a motion to compel Goldsworthy's attendance at the deposition, and the court scheduled a hearing on the motion for September 2.

Before the hearing, Goldsworthy's attorney filed a motion to withdraw based on Goldsworthy's failure to pay for legal services, his failure to communicate with counsel, and his apparent relocation to an unknown address. The court granted the motion to withdraw and continued the September 2 hearing to October 14. Davis sent a notice to appear personally or appoint new counsel by first class mail to Goldsworthy's last known home and business addresses on September 20. *See* Utah R. Civ. P. 74(c). Goldsworthy did not appear at the October 14 hearing, so the trial court struck his pleadings and entered his default.

Because Davis's complaint requested unspecified damages, Davis requested—and the court scheduled—a hearing to establish damages. The hearing was set for February 3, 2006. Both Davis's request and the court's notice of hearing were also sent by first class mail to Goldsworthy's last known home and business addresses.

On January 20, 2006, the trial court received a letter from Goldsworthy, who had moved to Colorado, requesting a thirty-day continuance so he could obtain new counsel and get time off work to attend the hearing.

*Davis*, 2008 UT App 145, ¶¶ 3–6, 184 P.3d 626. In the letter, Goldsworthy stated that he received notice of the February 3 hearing from his ex-wife and that he was unaware of prior proceedings "due to the fact that [he] no longer live[d] in Utah and [was] now liv[ing] in Colorado."

¶ 3 Based on Goldsworthy's letter and the subsequent entry of appearance by his new counsel, the court continued the hearing to February 27. Goldsworthy also filed a motion to set aside the default and, in his memorandum supporting the motion, stated that

[he] was going through a divorce at the time this litigation began, and was required to shut down his business, and move [to] Colorado. His only stable address was that of his business. When he moved, he had no forwarding address. He had not been able to communicate with his former counsel ... since May of 2005, and moved the first week of June, 2005, which was when the Subpoena Duces Tecum was served on his counsel. [His] counsel did not inform him of the Subpoena or the deposition, and then withdrew in September of 2005 without informing him of the status of the case.

... [D]ifficulties in his life at the time were so distracting and consuming that he neglected to pay attention to the lawsuit. *Id.* ¶ 7 (alterations and omissions in original). In addition, Goldsworthy's memorandum stated that he "did not receive the Notice to Appear or Appoint Counsel because it was not mailed to him" and that "the claims made by the Plaintiff in this case are false." Goldsworthy further argued that the trial court should grant the motion to set aside because "setting aside the default in [Davis's] case would not result in substantial injustice to the Plaintiff. He would only be required to pursue this case on the merits, and will lose nothing if his claims are meritorious."

¶ 4 After a hearing on the motion to set aside, the trial court concluded that Davis's service of the Notice to Appear or Appoint Counsel via first class mail was insufficient and set aside the default, but it awarded Davis his attorney fees and costs because Goldsworthy had "been less than diligent" in keeping in contact with his attorney and the court. In connection with his motion to set aside the default, Goldsworthy also filed a motion to dismiss for failure to state a claim upon which relief can be granted, *see generally* Utah R. Civ. P. 12(b)(6). In the motion to dismiss, Goldsworthy argued that Davis "has no possibility of claiming ownership" in the property because his alleged interest was based on an oral agreement and was not evidenced by a writing, as required by the statute of frauds. The trial court agreed with Goldsworthy and granted the motion to dismiss, holding that the interest asserted by Davis was barred by the statute of frauds.

¶ 5 Following the rulings on the motions to set aside and dismiss, Davis filed a timely appeal of the trial court's decision to grant the motion to set aside. However, Davis did not pursue an appeal from the trial court's decision on the motion to dismiss, "thereby conceding the correctness of the dismissal of his complaint." *Davis v. Goldsworthy,* 2008 UT App 145, ¶ 15 n. 7, 184 P.3d 626.

¶ 6 When this case was previously before us, we held that Davis's service of the Notice to Appear or Appoint Counsel complied with the Utah Rules of Civil Procedure.[1] Therefore, we reversed the trial court's decision regarding the motion to set aside and remanded the motion to the trial court for reconsideration. *See id.* ¶ 13. Upon remand, Goldsworthy renewed his motion to set aside the default, claiming that the trial court's grant of the motion to dismiss constituted "good cause" for setting aside the judgment under rule 55 of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 55(c). Davis opposed that motion, asserting that the factors from rule 60(b) are relevant to a determination of good cause, which would prevent the trial court from setting aside the default because Goldsworthy's neglect was not excusable.

¶ 7 Ultimately, the trial court granted Goldsworthy's motion and again set aside the default. The trial court concluded that, although Goldsworthy's actions may have been understandable in light of his pending divorce, his conduct did not meet the standard of "excusable neglect." Nevertheless, the trial court held that there was "good cause to set aside the default under rule 55" because Goldsworthy "demonstrated a meritorious defense and even prevailed on the merits" of the case.[2] As a sanction for his earlier ne-

---

1. The applicable rules of procedure state as follows:

    If an attorney withdraws ..., the opposing party shall serve a Notice to Appear or Appoint Counsel on the unrepresented party, informing the party of the responsibility to appear personally or appoint counsel. A copy of the Notice to Appear or Appoint Counsel must be filed with the court. No further proceedings shall be held in the case until 20 days after filing the Notice to Appear or Appoint Counsel unless the unrepresented party waives the time requirement or unless otherwise ordered by the court.

    Utah R. Civ. P. 74(c). "[A] party shall serve a paper under this rule ... by mailing it to the person's last known address." *Id.* R. 5(b)(1)(A)(iv).

2. In our prior discussion in this case, both parties' arguments concerning the first motion to set aside and the trial court's ruling on the motion focused on the factors contained in rule 60(b) of the Utah Rules of Civil Procedure. *See Davis v. Goldsworthy,* 2008 UT App 145, ¶ 10 n. 4, 184 P.3d 626. Based on the parties' arguments, we applied a rule 60(b) analysis but noted that the correct standard for setting aside a default is contained in rule 55(c), while rule 60(b) governs

glect, the trial court again ordered Goldsworthy to pay Davis's attorney fees and costs related to Goldsworthy's failure to appear. Davis now appeals.

¶ 8 Davis's sole argument on appeal is that the trial court erred in setting aside the default because it found that Goldsworthy's conduct did not constitute excusable neglect. Therefore, Davis contends that the trial court was prohibited from reaching the meritorious defense issue. In response, Goldsworthy argues that, unlike the rule 60(b) standard, the "good cause" standard for setting aside defaults under rule 55(c) permits courts to set aside a default based on the existence of a meritorious defense without first finding excusable neglect. Goldsworthy further argues, in essence, that Davis's appeal is moot [3] because the trial court has already ruled that Davis's claim should be dismissed. Because we agree with Goldsworthy that Davis's claim is now moot, we do not address Davis's argument that the trial court misapplied rule 55(c). *See Osguthorpe v. Osguthorpe,* 872 P.2d 1057, 1058 (Utah Ct.App.1994) ("Generally, we do not consider mooted questions on appeal.").

¶ 9 A case is moot "when substantive issues are resolved prior to appeal," *Saunders v. Sharp,* 818 P.2d 574, 577 (Utah Ct. App.1991), or, in other words, "when the requested relief cannot affect the rights of the litigants," *Salt Lake City v. Tax Comm'n ex rel. Mountain States Tel. & Tel. Corp.,* 813 P.2d 1174, 1177 (Utah 1991) (internal quotation marks omitted). Here, Goldsworthy asserts that even if we were to find that the trial court improperly set aside the default, Davis could not obtain a judgment of default because the trial court has already dismissed his complaint for failing to state a claim upon which relief can be granted and Davis did not appeal that decision.

¶ 10 In support of his argument, Goldsworthy cites to the Utah Supreme Court's decisions in *Pennington v. Allstate Insurance Co.,* 973 P.2d 932 (Utah 1998), and *Skanchy v. Calcados Ortope SA,* 952 P.2d 1071 (Utah 1998), which discuss the differences between a default and a default judgment, *see Pennington,* 973 P.2d at 940; *Skanchy,* 952 P.2d at 1076. In *Pennington,* the supreme court held, "Under rule 55 [of the Utah Rules of Civil Procedure], a defendant's failure to appear warrants an *entry of default* but does not automatically entitle a plaintiff to a *default judgment.*" 973 P.2d at 940. Instead, " '[t]he uncontroverted allegations of the complaint must be sufficient on their face to establish a valid claim against the defaulting party,' " and that "a plaintiff is entitled to default judgment 'only if the well-pled facts show that the plaintiff is entitled to judgment as a matter of law.' " *Id.* (quoting *Skanchy,* 952 P.2d at 1076). Thus, "to enter a default judgment . . ., a judge must review the complaint . . . [to] determine whether the allegations state a valid claim for relief." *Skanchy,* 952 P.2d at 1076.[4] Therefore, because the trial court granted Goldsworthy's motion to dismiss and the time to appeal that order has passed, he argues that Davis cannot state a valid claim for relief.

¶ 11 In response, Davis maintains that the trial court's consideration of the motion to dismiss does not bear on whether a default judgment would be proper because the de-

---

the setting aside of default judgments. *See id.* The first time the trial court set the default aside, it did so by applying the factors set forth in rule 60(b), *see id.,* but, upon remand, the trial court applied the "good cause" standard from rule 55(c).

**3.** Although Goldsworthy does not expressly state that Davis's claim is "moot," he argues that Davis "is not entitled to judgment, *regardless of default.*" (Emphasis added.) Furthermore, because it is a threshold issue, an appellate court "may properly raise sua sponte the issue of mootness. By doing so, the court acts in furtherance of a core judicial policy to limit the scope of its power to issues in controversy." *Shipman v.*

*Evans,* 2004 UT 44, ¶ 36, 100 P.3d 1151 (citation omitted); *see also In re Fabian A.,* 106 Conn.App. 151, 941 A.2d 411, 414 n. 4 (2008) (considering the mootness issue sua sponte because it "implicates the court's subject matter jurisdiction" and is "a threshold matter to resolve" (internal quotation marks omitted)); *Society of Prof'l Journalists v. Bullock,* 743 P.2d 1166, 1169 (Utah 1987) (raising the mootness issue sua sponte).

**4.** We previously acknowledged the additional procedures required to obtain a default judgment, stating that Davis's attempt to have the default reinstated was merely "a first step" towards obtaining a default judgment. *See Davis,* 2008 UT App 145, ¶ 15 n. 7, 184 P.3d 626.

fault would have prevented Goldsworthy from moving to dismiss the complaint. Citing *Skanchy*, Davis claims that "only the well-pled factual allegations and valid legal bases of the non-defaulting party are binding in supporting a default judgment." Therefore, Davis maintains that any pleadings Goldsworthy filed subsequent to the default would be "irrelevant" to the trial court's determination regarding a default judgment and that the only "proper time for Goldsworthy to address the sufficiency of the pleadings would be in an appeal if a default judgment is then granted."

¶ 12 While Davis is correct that "[o]nly well-pled facts alleged in the pleadings of the nondefaulting party are binding and can *support* the default judgment," *id.* at 1076 (emphasis added), there is nothing in *Skanchy* or the Utah Rules of Civil Procedure that suggests that a defaulting party may not challenge the legal basis of the pleadings before the trial court enters judgment on the default. To the contrary, in *Skanchy*, the supreme court expressly stated that "a plaintiff's legal allegations are *not binding*" on the trial court, *id.* (emphasis added), and held that a defaulting party "may contest 'the sufficiency of the complaint and its allegations to support the judgment,'" *id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *see also Pennington*, 973 P.2d at 940 (affirming the trial court's grant of defendant's motion to dismiss because the complaint was insufficient, even though plaintiff was entitled to an entry of default). Thus, even if the default were to be reinstated, it would have been proper for the trial court to consider Goldsworthy's argument that Davis's complaint failed as a matter of law.

¶ 13 In considering the motion to dismiss, the trial court did not rely on any additional facts or evidence presented by Goldsworthy. Rather, the trial court "review[ed] the complaint" and determined that

the allegations did not "state a valid claim for relief."[5] *Skanchy*, 952 P.2d at 1076. By failing to pursue an appeal of that decision, Davis "conced[ed] the correctness of the dismissal of his complaint." *Davis v. Goldsworthy*, 2008 UT App 145, ¶ 15 n. 7, 184 P.3d 626. Consequently, even if we were to rule in Davis's favor on appeal and reinstate the default, he would not be entitled to a default judgment, and "the requested relief cannot affect the rights of the litigants" because the "substantive issues [were] resolved prior to [this] appeal." *Saunders v. Sharp*, 818 P.2d 574, 577 (Utah Ct.App.1991) (internal quotation marks omitted). Because Davis's claim is moot, we dismiss his appeal.

¶ 14 WE CONCUR: WILLIAM A. THORNE JR. and J. FREDERIC VOROS JR., Judges.

---

**5.** We note that in some cases, a statute of frauds defense is not appropriate for dismissal for failure to state a claim. *See Ashby v. Ashby*, 2008 UT App 254, ¶ 10, 191 P.3d 35, *aff'd in part, rev'd in part on other grounds*, 2010 UT 7, 649 Utah Adv. Rep. 39, 227 P.3d 246. However, where, as the trial court found here, "the plaintiff specifically allege[s] and [seeks] to enforce the existence of an oral contract ... which had not been even partially performed," the statute of frauds is an appropriate "basis for a motion to dismiss for failure to state a claim." *Id.* ¶ 10 n. 2.